# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10CV56-GCM

| | |
|---|---|
| ANTOINE O. CURETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RADIO SHACK CORP., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS MATTER is before the Court upon Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed February 11, 2010; the Plaintiff's Response to Defendant's Motion to Dismiss, filed April 5, 2010; and Defendant's Reply to Plaintiff's Response, filed April 2, 2010. For the reasons stated below, the Motion to Dismiss is GRANTED.

On January 11, 2010, Plaintiff filed a state court complaint indicating that he seeks review of this Court's December 13, 2001 Order dismissing with prejudice his claim for failure to prosecute. Thereafter, Defendant removed the case to this Court. In the original action, Plaintiff appeared *pro se* to allege violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq., by Tandy Corp. (currently Radio Shack) and three other individual defendants. The presiding United States District Court Judge dismissed the Complaint, finding that the Plaintiff "[had] not made a good faith attempt to fulfill his obligations as a litigant" by repeatedly failing to comply with discovery requests and ignoring the Court's order compelling him to provide discovery. *Cureton v. Tandy Corp., et al.*, 3:00-CV-190 (WDNC 2001).

**I. Standard of Review**

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1993) *citing* 5A C. Wright & A. Miller, Fed. Practice and Procedure § 1356 (1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007)) The facial plausibility standard requires "the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis v. Giacomelli*, No. 08-1908 (4th Cir. Dec. 2, 2009) (quoting *Iqbal*, 129 S.Ct. at 1950). "The Supreme Court has held that a complaint must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 9 (quoting *Iqbal*, 129 S.Ct. at 1949).

**II. Discussion**

The Plaintiff's current complaint will be considered as requesting relief from this Court's December 13, 2001 judgment based upon Federal Rule of Civil Procedure 60(b). Under that rule, the Court may treat an independent action for relief from judgment as a motion for relief, and conversely a motion for relief may be treated as an independent action. 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §2868 (1995). Plaintiff's prayer for relief fails under either formula.

Motions under Rule 60(b) must be filed within a "reasonable time." Fed. R. Civ. P. 60(b). Moreover, Rule 60(b) specifies that any motion based on mistake, inadvertence, surprise, or

excusable neglect must be made "within one year after the order was entered." Fed. R. Civ. P. 60(b). Here, Plaintiff blames his lack of resources for his failure to appeal the original suit and for his delay in submitting this motion. However, even if this can be characterized as excusable neglect, Plaintiff's motion here is eight years after the original order was entered. This delay is beyond the one-year limit contained in Rule 60(b) for motions based on excusable neglect and beyond any possible characterization as "reasonable."

In the alternative, to succeed as an independent action under Rule 60(b) the party seeking relief must show the following essential elements:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law. *Great Coastal Express v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.*, 675 F.2d 1349, 1358 (4th Cir. 1982), *cert. denied*, 459 U.S. 1128 (1983).

It must also appear that the situation in which the party seeking relief finds himself is not due to his own fault, neglect, or carelessness. *Porter v. Frank*, 1991 U.S.App. LEXIS 23285 (4th Cir. 1991) (*per curiam*) (citing *Winfield Assoc., Inc. v. Stonecipher*, 429 F.2d 1087 (10th Cir. Kan. 1970)). Further, an independent action in equity pursuant to Rule 60(b) is appropriate only in highly exceptional cases to prevent a miscarriage of justice. *Holub v. United States*, 2009 U.S. Dist. LEXIS 125923 *5 (N.D.W.Va. July 2, 2009) (citing *United States v. Beggerly*, 524 U.S. 38, 46 (1998)). The plaintiff provides no information to suggest that any of these requirements have been satisfied and points only to his lack of resources and subsequent personal difficulties as support for his claim. While this Court is sympathetic to the Plaintiff's plight, these circumstances cannot form the basis of a cause of action to set aside a valid judgment.

Accordingly, the Defendant's Motion to Dismiss is hereby GRANTED.

Signed: June 2, 2010

Graham C. Mullen
United States District Judge